*Williams, for appellant.*

*Tice, for appellee.*

PEARCE, TOLLE & CO. ET AL. *v.* W. H. BURNS ET AL.

**Execution—Venditioni Exponas.**

The only effect of a sale of land under a writ of venditioni. exponas is that it operates to credit the judgment by the amount of the bid.

APPEAL FROM MORGAN CIRCUIT COURT.

January 13, 1874.

OPINION BY JUDGE LINDSAY:

The original levies gave the sheriff the right to sell the real estate taken under and by virtue of the execution first placed in his hands. The endorsement of levies on the various writs of *venditioni exponas,* was only a work of supererogation. Such acts did not invalidate the authority to sell, acquired by the levies when first made. The original sales were good, and as the property was not redeemed, they entitle appellants to deeds of conveyance from the sheriff. The levy, or rather the attempt to levy the writs of *venditioni exponas* on appellees' right of redemption, was, of course, of no effect; but appellants get a perfect title by the original sales, independent of their purchase at the sale of the right of redemption. The only effect of this sale is that it operated to credit the judgment by the amounts bid. For this result the appellants themselves are responsible. The sheriff was acting for them, and they bid at his sale, presumptively with full knowledge of all the attending circumstances. They ask to be relieved against this voluntary act, wholly upon the ground that they acquired nothing

under their purchase. It is a sufficient answer to this to say, first, that they get a complete title to the realty under the first sale; second, that appellees, by their answer, waive and surrender any right to take advantage of irregular and unauthorized proceedings upon the part of the sheriff; and third, by deed of conveyance they release and surrender to them all right or claim they may have in and to the property. We see no objection to the manner in which the power of attorney was executed. It and the conveyance are both in court subject to the control of the appellants, and they can put them to record whenever they choose to do so. The judgment of the circuit court is affirmed.

*B. D. Lacy, for appellants.*

*Kendall, for appellees.*